JUNE TERM, 1842.

JACOB WILCOX, *et al. v.* WILLIAM MILLS, *et al.*

A. and B. being indebted in a joint note to C. each executed mortgages upon their re-
spective property to secure the note ; C. filed his bill ·against both, to foreclose both
mortgages ; *held* on demurrer to the bill, that it was not multifarious, and that a decree
to foreclose both mortgages could be rendered at the same time.

THE facts of this case sufficiently appear in the brief of counsel,
and the opinion of the Court.

*J. S. Yerger,* and *W. A. Lake,* on behalf of the demurrer. The
bill is multifarious. It joins distinct demands against distinct
defendants. What interest has M'Dowell in the mortgage of Mills,
or in the land and negroes secured by that mortgage ? And, on the
other hand, in what is Mills's interest in the land of M'Dowell ? The
rights of each to redeem are separate ; their interests are separate ;
their mortgages unconnected. If either has any defence to the note
secured by the mortgages, he has no interest in exempting the
property of the other from the payment of the debt. Their interests
are, therefore, adverse ; each party necessarily desiring to force out
of the property of the other the full satisfaction of the demand, for
which they are both liable. A bill is multifarious when the case
of each particular defendant is entirely distinct and separate in its
subject-matter, from that of the other defendants. Story, Eq. Pl. 225.

What is the *subject-matter* of controversy here ? the mortgages ;
because, without them, the Court could not entertain jurisdiction.
That they are distinct and separate, and involve distinct and sepa-
rate property, of distinct and independent defendants, we have
shown. The case, then, is brought within the rule.

*W. C. Smedes,* for complainants. The bill is filed to foreclose two
mortgages, given respectively by the defendants, to secure a joint
note, payable to complainants. The bill is in the ordinary form of a
bill to foreclose mortgages, except that it embraces both mortgages.

To this bill the defendants have demurred, for multifariousness,

in joining distinct demands and causes of action against the defendants.

There is nothing in this point. A party has a right, and, in fact, in a court of equity, will be compelled to enforce all his securities for the same debt at once. It is the *unity* of the demand that gives the Court jurisdiction. The demands are not distinct, nor are the causes of action. The makers of a *joint* note, respectively mortgage to secure its payment. The objects of the mortgages are the same. The debt, and the nature of the security, give the Court jurisdiction; and that jurisdiction necessarily embraces both mortgages. Upon principle, the point is plain. The demurrer is manifestly intended for delay. Suppose these mortgages had been both embraced in *one*, and the land lay in the same county, yet owned separately; would not the Chancellor have sustained a demurrer to a bill attempting to foreclose only one, and not making the others, parties? Clearly he would, for the purpose of having all the parties in interest before the Court, and in order to compel the complainants to proceed against that property first, which the relations of the defendants (to enable contribution, &c.,) and the equity of the case demanded.

It is said the bill is multifarious because the case is distinct in its *subject-matter*, as to the different defendants. What is the "subject-matter" of the suit? The debt. That is the subject-matter. The mortgages are *mere* securities for the payment of that subject-matter. It is true, the mortgages are essential to give this Court, from its peculiar organization, and the principles which regulate it, jurisdiction; but that jurisdiction being once obtained, the object of the controversy is to get the *debt* paid. If either defendant will pay the debt, it discharges both mortgages. That is all the complainants seek.

The true rule on the subject of multifariousness is laid down by Story, Eq. Pleadings, 224, § 271, to be this. "The improperly joining in one bill, *distinct and independent matters*, and thereby confounding them; as, for example, the uniting in one bill several matters, perfectly distinct and unconnected, *against* one defendant, or the demand of *several matters of a distinct and independent nature* against several defendants in the same bill."

If the bill sought to enforce different debts; if the mortgages

were made to secure different liabilities, then the bill would be liable to the objection laid down by Lord Eldon, in *Saxton* v. *Davis*, 18 Ves. 80, where he decides, that " to enforce different demands against persons liable respectively, *but not as connected* with each other, is clearly multifarious."

An authority in point, in principle, and nearly so in the facts, is to be found in the case of *Thomas Bridgen* v. *James Carhartt*, et al., 1 Hopkins's Chancery Reports, 234, wherein Chancellor Sandford delivered the opinion of the court. The complainant held two mortgages against the defendant, Carhartt, upon two distinct tracts of land, to secure two distinct debts, which had been originally contracted to different persons, and assigned to the complainant. The court granted a decree in the case, foreclosing both mortgages. In that case there was one defendant and two mortgages, to secure two different, separate, distinct, and independent debts, and the bill was upheld. Here it is the same debt, and separate mortgages.

I can find nothing in the books to militate against the validity of the bill.

CHANCELLOR. William Mills and James R. M'Dowell, being jointly indebted to Wilcox, Anderson, & Co., in several sums of money, executed respectively mortgages to secure the payment thereof, the mortgage of Mills being upon land and negroes in Warren county, and the mortgage of M'Dowell upon a tract of land in Carroll county.

One of the notes secured by these mortgages having matured, the complainants filed a bill to foreclose both the mortgages, making Mills and M'Dowell defendants to the bill, and praying that the land and negroes of Mills, and the land of M'Dowell, might be sold to pay the debt.

Mills and M'Dowell demur to the bill, for multifariousness in the joinder of distinct demands and causes of action against the defendants.

The demurrer must be overruled. The mortgages were made to secure the same debt. It is true, the mortgages are separate, but the debt is joint, and is a simple obligation of both the defendants. The mortgages are but incidents to the debt. If that is discharged,

Wilcox, et al. *v.* Mills, et al.

they are necessarily discharged, while that exists, they can be enforced. It is the debt and mortgages that give the Court jurisdiction, and neither alone. If both mortgages had not been joined in the bill, the defendants could have compelled it. I could not permit the complainants, by two separate bills of foreclosure, to coerce the payment of a joint note, when they could effect the same object by a single bill. If, then, at the instance of the defendants, I would have compelled a union of the two mortgages in the same bill, with what propriety can that union be the source of objection?

I see nothing in it. A complainant coming into equity must present his whole case. That has been done in this instance. The demurrer must be overruled, and the defendants allowed ten days in which to answer.